[relates to Docket Item No. 7]

NOT FOR PUBLICATION

```
                    THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| CORDELIA YOCHAM,<br><br>           Plaintiff,<br><br>     v.<br><br>NOVARTIS PHARMACEUTICALS<br>CORPORATION,<br>           Defendant. | HON. JEROME B. SIMANDLE<br><br>Civil No. 07-1810 (JBS)<br><br>**OPINION** |

APPEARANCES:

Michael S. Katz, Esq.
THE LEVENSTEN LAW FIRM, PC
1325 Spruce Street
Philadelphia, PA 19107
     Attorney for Plaintiff, Codelia Yocham

Joe G. Hollingsworth, Esq.
Bruce B. Berger, Esq.
Martin C. Calhoun, Esq.
SPRIGGS & HOLLINGSWORTH, ESQS.
1350 I Street, NW
Suite 900
Washington, D.C.  20005
     -and-
Ethan Stein, Esq.
GIBBONS P.C.
One Gateway Center
Newark, NJ 07102-5310
     Attorneys for Novartis Pharmaceuticals Corporation

**SIMANDLE**, District Judge:

     This matter is before the Court upon the motion of Plaintiff Cordelia Yocham (the "Plaintiff") to remand this matter back to New Jersey Superior Court, Law Division, in Camden County.

[Docket Item No. 7.]  Plaintiff moves to remand based on the fact that the case was not properly removed based on federal question jurisdiction.  Plaintiff's motion, however, ignores one of Defendant's grounds for removal -- that the Court has diversity jurisdiction.  Thus, the principal issue to be decided is not whether the Court has jurisdiction under federal question jurisdiction, but (a) whether the Court has diversity jurisdiction and (b) whether an in-state defendant who has not been served with process may remove a complaint, based upon diversity jurisdiction, in light of the prohibition in 28 U.S.C. § 1441(b) against removal of diversity cases where an in-state defendant has been "properly joined and served."  For the reasons set forth below, this Court will deny Plaintiff's motion for remand.

I.   **BACKGROUND**

Plaintiff is Cordelia Yocham, a Texas resident, who filed this products liability suit in New Jersey Superior Court, Law Division, in Camden County. (Compl. ¶¶ 2.)  Defendant is Novartis Pharmaceuticals Corporation ("NPC"), a Delaware corporation with a principal place of business in East Hanover, New Jersey. (Compl. ¶¶ 3.)  Plaintiff's Complaint states that Defendant advertised, promoted, marketed, sold and distributed the prescription pharmaceutical Lamisil, a terbinafine hydrochloride tablet indicated for treatment of onychomycosis of the toenail or

fingernail due to dermatophytes. (Compl. ¶ 5, 19.)  In 2005, Plaintiff alleges that she suffered from a severe, allergic type of reaction known as Toxic Epidermal Necrolysis.  (Compl. ¶¶ 10-13.)  Plaintiff alleges that the allergic reaction was caused by Plaintiff's ingestion of Lamisil.

Plaintiffs bring an eleven-count complaint alleging (1) negligence; (2) strict liability; (3) breach of express warranty; (4) breach of implied warranty; (5) fraudulent misrepresentation and concealment; (6) negligent and reckless misrepresentation; (7) unjust enrichment; (8) products liability-defective design; (9) products liability-failure to warn; (10) violation of the New Jersey Consumer Fraud Act; (11) punitive damages under the Products Liability Act (N.J. Stat. Ann. 2A:58C-1).  Plaintiff alleges substantial damages, claiming that she experienced a "life threatening" skin condition involving 70% of her body, which resulted in hospitalization at a burn unit and which places her "at risk of further serious injury or death."  (Compl. ¶¶ 10-13.)  She seeks compensatory damages for "past, present, and future pain and suffering, disability, impairment, lost capacity to enjoy life, mental anguish . . . [and] lost earnings," past and future medical expenses and punitive damages.  (Id. ¶ 190.)

Plaintiff filed this action in Superior Court of New Jersey, Camden County on April 5, 2007.  (Complaint, Def.'s Notice of Removal, Ex. A.)  On April 17, 2007, before being served with

3

process, NPC removed this case to this Court pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446. (Def.'s Notice of Removal ¶ 2.) On April 30, 2007, NPC was served by hand-delivery with a copy of the Complaint. (Summons and Complaint, Def.'s Opp. Br. at Ex. A.)

Defendant NPC's notice of removal, filed in this Court before NPC was served with process, asserts that this Court's jurisdiction is premised upon (1) diversity of citizenship under 28 U.S.C. § 1332; (2) federal question jurisdiction under 28 U.S.C. § 1331 arising from the alleged preemption of such claims by the Food, Drug and Cosmetic Act; and (3) federal question jurisdiction regarding conflicts between Plaintiff's claim for punitive damages under New Jersey law and the fraud-on-the-FDA exception. Plaintiff filed her motion for remand on May 15, 2007, arguing that removal of this matter was improper and the case should be remanded to New Jersey Superior Court.

## II.  DISCUSSION

In addressing Plaintiff's motion to remand, the Court will first address whether this action was properly removed under 28 U.S.C. § 1441(b) and the "joined and served" requirement. A civil action brought in a state court may generally be removed to district court if the district court has original jurisdiction over the matter. See 28 U.S.C. § 1441(a). Thus, an action based on state law (such as the present case) is removable to federal

4

court when (1) the district court would have original diversity jurisdiction (because the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the plaintiffs and defendants), see 28 U.S.C. § 1332(a), and (2) when none of the parties properly joined and served at the time of the removal are residents of the forum state.  See 28 U.S.C. § 1441(b).

In the Third Circuit Court of Appeals, a removing party bears the burden of demonstrating that removal was proper.  See Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990); Frick v. Novartis Pharms. Corp., No. 05-5429, 2006 U.S. Dist. LEXIS 9178, *2 (D.N.J. Feb. 22, 2006).  "Removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand."  Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992)(quoting Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1012 n.6 (3d Cir. 1987)).  Therefore, a district court must "resolve all contested issues of substantive fact in favor of the plaintiff and must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff."  Boyer, 913 F.2d at 111.

Plaintiff now moves to remand this case to New Jersey Superior Court.  Plaintiff's motion focuses exclusively on the issue of whether this Court has federal question jurisdiction in this case.  Unlike Thomson v. Novartis Pharms. Corp., No. 06-

6280, 2007 U.S. Dist. LEXIS 37990, at *7 (D.N.J. May 22, 2007), a factually similar case in which this Court recently denied plaintiffs' motion for remand, Plaintiff's motion for remand fails to address whether removal was proper based on diversity jurisdiction.[1]  NPC opposes the motion to remand, arguing this case falls squarely within the Court's original jurisdiction based on diversity of citizenship, and therefore was properly removed under § 1441(b).

This Court agrees.  Removal was proper because the Court had original jurisdiction under 28 U.S.C. § 1332.  Complete diversity of citizenship exists because Plaintiff is a Texas citizen while NPC is considered a citizen of both Delaware and New Jersey for jurisdictional purposes.  Moreover, it appears from the face of the Complaint that the amount in controversy exceeds $75,000,

---

[1] In Thomson, the plaintiffs argued that, because NPC is a resident of New Jersey, the forum state, removal is not permitted under § 1441(b).  See 2007 U.S. Dist. LEXIS 37990, at *3  According to the plaintiffs the purpose of the "joined and served" requirement of § 1441(b) is to prevent a plaintiff from blocking removal of a matter by joining a defendant resident party whom it does not even serve. Id. at *8.  This requirement, according to the plaintiffs, does not take effect until the plaintiff has served at least one defendant in the litigation, and allowing forum defendants (like NPC) to remove actions in diversity prior to service would "essentially remove the 'joined and served' requirement from § 1441(b)."  Id.  The plaintiffs argue that this Court should have followed the holding of Holmstrom v. Harad, No. 05-2714, 2005 U.S. Dist. LEXIS 16694, *4 (N.D. Ill. Aug. 11, 2005), in which the district court addressed the issue of "whether, under §1441(b), the citizenship of a forum defendant defeats removal when, prior to removal, no defendant has been served or otherwise appeared." Id. at *9-10.

excluding interest and costs.  In her Complaint, Plaintiff alleges, among other things, damages relating to having experienced a "life threatening" skin condition involving 70% of her body, which resulted in hospitalization at a burn unit and which places her "at risk of further serious injury or death." (Compl. ¶¶ 10-13.)  Plaintiff also seeks compensatory damages for "past, present, and future pain and suffering," lost earnings, past and future medical expenses and punitive damages.  (Id. ¶ 190.)  Thus, by reviewing the Complaint, the Court "cannot find to a legal certainty that the amount in controversy does not exceed $75,000."  Wolfe v. Nobel Learning Comtys, Inc., No. 06-3921, 2006 U.S. Dist. LEXIS 93055, *2 (D.N.J. Dec. 26, 2006).

In addition, a plain reading of § 1441(b) and a straightforward application of it in this case requires this Court to hold that NPC's removal of this case was also proper under 28 U.S.C. § 1441's "joined and served" requirement.  As discussed in Thomson, the Third Circuit has held that, when dealing with issues of statutory construction, this Court's task is to:

> give effect to the will of Congress, and where its will has been expressed in reasonably plain terms, that language must ordinarily be regarded as conclusive.  If the language of the statute is plain, the sole function of the court is to enforce the statute according to its terms.  The plain meaning is conclusive, therefore, except in the rare cases in which the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.

Thomson, 2007 U.S. Dist. LEXIS 37990, at *14 (quoting Abdul-Akbar v. McKelvie, 239 F.3d 307, 313 (3d Cir. 2001)); Frick, 2006 U.S. Dist. LEXIS 9178, at *6-7.  The language of § 1441(b) is unambiguous –- removal is prohibited only where a defendant, who is a resident of the forum state, has been "properly joined and served." 28 U.S.C. § 1441(b)(emphasis added).  Here, at the time NPC removed this case to this Court (April 17, 2007), NPC had yet to be served (April 30, 2007).[2]  Consequently, under the plain reading of § 1441(b), removal was not prohibited because NPC (a resident of the forum state) had not been served when it removed this case to this Court.

This conclusion is supported by considerable case law from this District and others including this Court's recent decision in Thomson.  See 2007 U.S. Dist. LEXIS 37990, at *12; Frick, 2006 U.S. Dist. LEXIS 9178, at *7 ("[W]e find that the language of the statute is unambiguous"); Stan Winston Creatures, Inc., 314 F. Supp.2d at 180 ("[T]he language of § 1441(b) makes plain that its prohibition on removal applies only where a defendant who has been 'properly joined and served' is a resident of the forum state"); Ott v. Consol. Freightway Corp., 213 F. Supp. 2d 662, 665 (S.D. Miss. 2002)); see also 14B Wright, Miller & Cooper, Federal Practice and Procedure § 3723 at 642 (3d ed. 1998)("The

---

[2] Moreover, there is no evidence that NPC was actively avoiding service.

8

language of Section 1441(b) . . . implies that a resident defendant who has not been served may be ignored in determining removability"). Indeed, in <u>Thomson</u>, a case where Defendant was a citizen of the forum state but removed before being served, the Court held that a "plain reading of § 1441(b) . . . warrants denial of Plaintiff's [remand] motion."[3] 2007 U.S. Dist. LEXIS 37990, at *12. Thus, NPC's removal of this action was proper.

### III. **CONCLUSION**

For the reasons discussed above, the Court will deny Plaintiff's motion to remand this action to New Jersey Superior Court. The accompanying Order shall be entered.

**August 13, 2007**                              **s/ Jerome B. Simandle**
Date                                             JEROME B. SIMANDLE
                                                 United States District Judge

---

[3] Because the Court will deny Plaintiffs' motion to remand on the grounds that removal was proper under § 1441(a) and (b), this Court need not address the issue of whether removal was proper on federal question grounds.